IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARK FRANCIS HONISH #01745461 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv425 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## **ORDER OF DISMISSAL**

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation concluding that the petition should be dismissed with prejudice as untimely filed. Petitioner filed objections.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such actions, has been presented for consideration. Having made a *de novo* review of the objections raised by Petitioner to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Petitioner fails to show that he timely filed his petition or that he is entitled to equitable tolling.

After the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review, Petitioner filed his first state writ, which was dismissed as non-compliant based on excessive pages. The provisions of 28 U.S.C. § 2244(d)(2) provide that the time during which a *properly filed* application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation (emphasis added). The Supreme Court held that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). It counseled that these rules govern

1

"for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id*; *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004). The Fifth Circuit interprets the words, "properly filed," narrowly. *Lookingbill v. Cockrell*, 293 F.3d 256, 160 (5th Cir. 2002).

Petitioner claims that when he filed his first state writ, he was unaware the Texas Court of Criminal Appeals had changed its page limit. He asserts this entitles him to equitable tolling. The United States Supreme Court confirmed that the AEDPA statute of limitation is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 560 U.S. at 649). The petitioner bears the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has not shown any valid basis upon which to equitably toll the statute of limitations. The pendency of his first state writ, which was improperly filed, did not toll the limitations period. However, the second state writ, which was properly filed, tolled the limitations period for 205 days. After the denial of his second state writ, it was seventeen (17) months before the instant federal habeas petition was filed. The Fifth Circuit has held that equitable tolling is not intended for those who "sleep on their rights."*Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir.1999). Petitioner fails to show extraordinary circumstances and due diligence. He fails to meet his burden for equitable tolling. Accordingly, the Court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

It is therefore **ORDERED** that the petition is **DENIED** with prejudice. Additionally, a certificate of appealability is **DENIED**.

It is finally **ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**SIGNED this 9th day of March, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE